IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PHYLLIS M. KNIGHT, next friend of
Cotrell T. Knight;

             Petitioner,

    vs.

MICHAEL MEYERS,

             Respondent.

**8:26CV76**

**MEMORANDUM AND ORDER**

This matter is before the Court for initial review of a habeas corpus petition under 28 U.S.C. § 2241 filed and signed by Phyllis M. Knight ("Petitioner") as next friend and on behalf of her son, Cotrell T. Knight ("Knight"), on February 20, 2026. Filing No. 1. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. For the reasons discussed below, the Court will dismiss the petition without prejudice.

The petition contains mainly legal conclusions but appears to generally challenge Knight's pretrial detention in three Douglas County Court cases—CR25-20735, CR25-20729, and CR26-1476.[1] Filing No. 1 at 2. A search of Knight's state court records, available to this Court online, do not return any results for Case No. CR25-20729.[2] However, Knight's state court records

---

[1] Petitioner recently filed three other cases in this Court relating to these and other state criminal cases against Knight. *See* Case Nos. 8:26CV12 (civil rights), 8:26CV32 (civil rights), and 8:26CV135 (civil rights).

[2] The Court's search for Case No. CR25-20729 only returned a notation that case information may not be available because of state law and sealed records are not publicly available. This strongly

show that a complaint was filed in Case No. CR25-20735 on December 5, 2025, charging Knight with an infraction and five misdemeanor counts, including first offense DUI, and, as a condition of Knight's pretrial release, he was required to participate in the 24/7 Sobriety Program. Knight violated the terms of the 24/7 Sobriety Program on multiple occasions and was sanctioned with time in custody. On February 25, 2026, Knight appeared in the Douglas County Court with his appointed counsel and pleaded no contest to first offense DUI, and the State dismissed the other five counts. The county court sentenced Knight to a six-month license revocation, ten days in jail, and a $500 fine with credit for time and costs served.[3]

Knight's state court records also show that Plaintiff was charged on January 25, 2026, with possession of a controlled substance, a Class IV felony, in Douglas County Court Case No. CR26-1476, and the matter was bound over to the District Court of Douglas County, Nebraska, in Case No. CR26-1028. On April 23, 2026, Knight entered a no contest plea to possession of a controlled substance and was sentenced to seventy-five days in the Douglas County Correctional Center ("DCCC") with credit for time served of forty-two days.[4] Even assuming Knight had to serve all remaining 33 days,

---

indicates Case No. CR25-20729 against Plaintiff was dismissed as Nebraska criminal cases ending in dismissal are sealed under state law *See* Neb. Rev. Stat. § 29-3523(3)(c) ("[I]n the case of an arrest, citation in lieu of arrest, or referral for prosecution without citation, all criminal history record information relating to the case shall be removed from the public record as follows: . . . (c) When charges are filed, but the case is dismissed by the court (i) on motion of the prosecuting attorney, . . . (iii) after acquittal, . . . [or under other specified circumstances], the criminal history record information shall not be part of the public record immediately . . . after the entry of an order dismissing the case.").

[3] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the state court records in *State v. Cotrell T. Knight*, CR25-20735, County Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

[4] The Court takes judicial notice of the state court records related to this case in *State v. Cotrell T Knight*, Case No. CR26-1476, County Court of Douglas County, Nebraska, and Case No. CR26-1028, District Court of Douglas County, Nebraska.

his sentence would have expired on or about May 26, 2026. The DCCC's online public inmate records indicate that Knight is no longer in custody there.[5]

Upon review, the Court concludes the petition must be dismissed because Petitioner cannot maintain the present habeas action on her son's behalf and because any challenge to Knight's pretrial detention is now moot.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242; *see also* Rule 2(c)(5) of the *Rules Governing § 2254 Cases in the United States District Courts* ("The petition must . . . be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner . . . ."). Petitioner may pursue this habeas corpus action on behalf of Knight if she can establish standing to proceed as his "next friend." To establish standing as a "next friend," the party purporting to act for the detained individual must show (at least) the following two things:

1. The real party cannot access the courts, the real party is mentally incompetent, or the real party has some other disability, and the real party cannot therefore bring the action himself.

2. The party purporting to act for the real party is dedicated to the best interests of the real party.

*Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164.

Petitioner has not established that the factors for "next friend" standing exist in the present case. Knight is not a minor and Petitioner

---

[5] *See* https://corrections.dccorr.com/inmate-locator (last visited June 1, 2026) (no search results for Cotrell Knight).

alleges nothing in the petition to suggest Knight is incapable of pursuing federal habeas relief on his own behalf if he wishes to do so.

Lack of standing aside, Knight's state court records show that he has been convicted, has served his sentences, and is now no longer in custody. As the Eighth Circuit Court of Appeals has explained,

> "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir.2000); *see* U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); *see also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. *See Powell v. McCormack*, 395 U.S. 486, 496 n.7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

*Ali v. Cangemi*, 419 F.3d 722, 723–24 (8th Cir. 2005).

Because Knight has been convicted in CR25-20735 and CR26-1476 and CR25-20729, by all appearances, was dismissed, any challenge to his pretrial detention is moot. *See Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot."); *Williams v. Slater*, 317 Fed.Appx. 723, 724–25 (10th Cir. 2008); *Yohey v. Collins*, 985 F.2d 222, 228–29 (5th Cir. 1993) ("[C]laims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction."); *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973); *Medina v. California*, 429 F.2d 1392, 1393 (9th Cir. 1970). Moreover, the case is moot because Knight has been

released from the DCCC and is no longer in custody pursuant to any of the criminal actions challenged in the petition. *See McGill v. Mukasey*, No. 8:08CV345, 2009 WL 277556, at *1 (D. Neb. Feb. 5, 2009) (finding habeas petition moot where petitioner was released from custody, there was no continuing injury traceable to the respondents, and court could not issue any decision which would further the relief sought by the petitioner).

Finally, because "the detention complained of arises from process issued by a state court," Petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.    The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2.    The Court will enter judgment by separate document.

Dated this 3rd day of June, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

5